IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. COMBUSTIONEER CORPORATION<br><br>Plaintiff,<br><br>THE DAVIS/HRGM JOINT VENTURE, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 1:05CV01474 PLF<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS COUNT III OF PLAINTIFF'S
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants the Davis/HRGM Joint Venture (the "Joint Venture"), James G. Davis Construction Corp. ("Davis"), HRGM Corporation ("HRGM"), Fidelity and Deposit Company of Maryland ("Fidelity"), and Zurich American Insurance Company ("Zurich") (collectively the "Defendants") hereby move the Court to dismiss Amended Complaint Count III - Quantum Meruit because no cause of action may lie for quantum meruit under District of Columbia law where a written contract covering the subject matter exists between the parties.[1] Plaintiff here has alleged that a written subcontract and written payment bond exist, attached the subcontract and payment bond to the Amended Complaint, and incorporated the allegations of a subcontract and payment bond into its quantum meruit count. The Court, accordingly, must dismiss Count III of the Amended Complaint for failure to state a claim as a matter of law.

---

[1] Plaintiff has filed two documents styled "Amended Complaint" with the Court. Plaintiff, consistent with Fed. R. Civ. P. 15, filed its first "Amended Complaint" as a matter of right and without leave of the Court on or about August 19, 2005. Plaintiff then filed a second "Amended Complaint" on or about September 29, 2005. In violation of Fed. R. Civ. P. 15, Plaintiff filed its second "Amended Complaint" without seeking leave of the Court. Because the paragraph numbering has not changed between the two Amended Complaints, the citations are accurate to both Amended Complaints and this Motion applies equally regardless of which Amended Complaint applies.

The reasons for this motion are more fully set forth in the attached Memorandum of Points and Authorities. Defendants file this Motion subordinate to and without waiving their pending Motion to Stay Pending Arbitration.

WHEREFORE, Defendants respectfully request that the Court dismiss Count III of the Amended Complaint for failure to state a claim.

Dated: September 30, 2005

Respectfully submitted,

HOLLAND & KNIGHT LLP

Of counsel:
J. Richard Margulies
Law Offices of J. Richard Margulies
One Church Street, Suite 303
Rockville, Maryland 20850
Telephone: (301) 738-2470
Fax: (301) 738-3705

/s/ Craig A. Holman
Craig A. Holman (D.C. Bar No. 447852)
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Fax: (202) 955-5564

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. COMBUSTIONEER CORPORATION<br><br>Plaintiff,<br><br>THE DAVIS/HRGM JOINT VENTURE, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 1:05CV01474 PLF<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COUNT III OF PLAINTIFF'S
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants the Davis/HRGM Joint Venture (the "Joint Venture"), James G. Davis Construction Corp. ("Davis"), HRGM Corporation ("HRGM"), Fidelity and Deposit Company of Maryland ("Fidelity"), and Zurich American Insurance Company ("Zurich") (collectively the "Defendants") hereby move the Court to dismiss Count III of the Amended Complaint filed by Plaintiff Combustioneer Corporation ("Plaintiff") for failure to state a claim. Under District of Columbia law, no cause of action for quantum meruit may lie where a written contract covering the subject matter of the action exists between the parties. Plaintiff here has alleged that a written subcontract and written payment bond exist, attached the subcontract and payment bond to the Amended Complaint, and incorporated the allegations of the subcontract and payment bond directly into the quantum meruit count. The Court, accordingly, must dismiss Count III of the Amended Complaint for failure to state a claim as a matter of law.

I.   **LIMITED FACTUAL BACKGROUND**[2]

    A.   **The Parties**

    1.   Defendant Joint Venture is a joint venture between Defendant Davis and Defendant HRGM. (Federal Amended Complaint at ¶ 2.)

    2.   Defendant Davis is a corporation organized under Virginia law with its principal place of business located at 12530 Parklawn Drive, Rockville, Maryland 20852. (*Id.* at ¶ 3.)

    3.   Defendant HRGM is a corporation organized under Virginia law with its principal place of business located at 2020 Shannon Place, S.E., Washington, D.C. (*Id.* at ¶ 4.)

    4.   Defendant Fidelity is a corporation organized under Maryland law and is authorized to issue surety bonds in the District of Columbia. (*Id.* at ¶ 6.)

    5.   Defendant Zurich is a corporation organized under New York law and is authorized to issue surety bonds in the District of Columbia. (*Id.* at ¶ 7.)

    6.   Plaintiff Combustioneer is a corporation organized under Maryland law. (*Id.* at ¶ 1.)

    B.   **The McKinley Technical High School Project**

    7.   In or about 2002, the United States Army Corps of Engineers (the "Corps") awarded the Joint Venture Contract No. DACW31-02-C-0021 (the "Contract"). (Federal Amended Complaint at ¶ 5.) The Contract covered certain construction services for the McKinley Technical High School in Washington, D.C. (the "Project"). (*Id.*)

    8.   Fidelity and Zurich, along with the Joint Venture as principal, executed written Payment Bond No. 08622770 (the "Payment Bond") for the protection of persons supplying

---

[2] Because Defendants file this Motion pursuant to Federal Rule of Civil Procedure 12, all facts cited herein are drawn directly from Plaintiff's Complaint and the documents attached thereto or referenced therein and are accepted as true solely for the purposes of this Motion.

2

labor and materials to the Project subject to the limitations of the Miller Act, the Payment Bond, and any involved subcontracts. (Federal Amended Complaint at ¶ 8, Ex. A.)

    **C.**    **The Subcontract**

9.    On or about July 1, 2002, Plaintiff entered into a subcontract with the Joint Venture (the "Subcontract"). (Federal Amended Complaint at Ex. B.) The Subcontract required Plaintiff, among other things, to perform electrical, fire alarm, telephone, data, and security work on the Project. (*Id.*)

10.    The Subcontract includes a Price and Payment clause, which provides that:

> The Subcontract price shall be paid in partial payments, when received by DAVIS/HRGM from the Owner, to Subcontractor in trust for the payment by Subcontractor for work in place and material on jobsite. Ten percent (10%) retention shall be withheld until final payment is due, except that retainage will be reduced when and to the extent the Owner's retainage withheld from DAVIS/HRGM is reduced. Final payment shall be due after completion of all work, acceptance by the Owner, compliance with all Subcontract obligations, and receipt of final payment from the Owner, which items shall be conditions precedent to the making of final payment to Subcontractor. DAVIS/HRGM is entitled to proof of payment for labor, material, and services used before any payment due.. Material paid for shall belong to DAVIS/HRGM, but shall remain in the care, custody, and control of Subcontractor and stored at Subcontractor's risk. Subcontractor shall furnish guarantees and all other documents required by the Prime Contract for the Subcontractor's work, including releases as a condition precedent for payment. Liquidated damages withheld by Owner will be assessed against Subcontractor for delay attributable to Subcontractor's fault. The Subcontractor shall itemize the contract price as a basis for establishing value of work completed and partial payments.

(Federal Amended Complaint at Ex. B ¶ 9.)

11.    The Subcontract also includes an Extension of Time clause, which provides that:

> Subcontractor shall be entitled to an extension of time for performing and completing the work covered by this agreement upon the same terms and conditions an extension of time is

3

> allowable and only to the extent actually allowed to DAVIS/HRGM by Owner, or its representative, under the terms of the Prime Contract. Notice of the excusable delay shall be given to DAVIS/HRGM in writing within three (3) calendar days from the beginning of said delay in order that DAVIS/HRGM may in turn notify the Owner, and if not given timely, said excusable delay may be considered waived. The Owner's decision, or its representative, with regard to the delay, including the assessment of liquidated damages, shall be binding upon and chargeable to the Subcontractor, subject only to the disputes procedures provided in the Prime Contract.

(*Id.* at Ex. B ¶ 12.)

12. With respect to delays, the Subcontract includes a Damages for Delay clause, which provides that:

> DAVIS/HRGM shall not be liable to Subcontractor for unforeseeable delay occurring beyond DAVIS/HRGM's control or for delay caused by Owner or other subcontractor, Subcontractor shall be entitled to reimbursement for any damages for delays recovered from the Owner only, and the Subcontractor shall have the right at its expense, against the Owner to exercise all provisions of the Prime Contract to recover said damages. Time extension only shall be granted for delays caused solely by DAVIS/HRGM.

(*Id.* at Ex. B ¶ 13.)

13. The Subcontract also includes an Extra Work clause, which provides that:

> Only extra work authorized by DAVIS/HRGM as an extra or change in writing shall be paid for. If the extra work direction does not originals from Owner's direction and there is no prior agreement on price, then Subcontractor shall be paid for the costs of said work plus fifteen percent (15%) for overhead, profit, supervision, and small tools, which will constitute the entire amount due the Subcontractor for the extra work.

(*Id.* at Ex. B ¶ 16.)

14. With respect to changes, the Subcontract includes an Owner Changes clause, which provides that:

4

> Changes ordered by Owner shall be performed and paid for in accordance with the terms of the Prime Contract, including all rights of dispute and appeal, provided reservation and exercise of said rights do not interfere with the progress of the work.

(*Id.* at Ex. B ¶ 17.)

15. Further, the Subcontract includes a Disputes clause, which provides that:

> Disputes arising out of Owner acts, omissions, or responsibilities shall be resolved in accordance with the disputes procedures in the Prime Contract. Subcontractor shall have the right to exercise those rights at its sole cost and shall be bound thereby. DAVIS/HRGM shall have no direct liability except to give Subcontractor opportunity to exercise rights in the Prime Contract. Disputes with DAVIS/HRGM shall be resolved by arbitration in accordance with the rules of the American Arbitration Association. Disputes shall not interfere with the progress of the job. Work shall proceed as ordered, subject to claim.

(*Id.* at Ex. B ¶ 19.)

### D. The Actions

16. On July 27, 2005, Plaintiff filed a three count action with the Court. Count I of the Complaint alleges a breach of contract action against the Joint Venture. Count II of the Complaint alleges a Miller Act Payment Bond action against the Joint Venture, Fidelity, and Zurich. Count III of the Complaint alleges a cause of action for quantum meruit against the Joint Venture, Fidelity, and Zurich.

17. On August 18, 2005, Plaintiff filed an Amended Complaint with the Court containing the same three counts. The Amended Complaint, as filed, seeks damages for a variety of delays and associated impacts to Plaintiff's work on the Project in the amount of $3,500,000.

18. On or about September 30, 2005, Plaintiff filed a second document styled "Amended Complaint" with the Court. The second "Amended Complaint" also contains the same three counts in seeks damages in the amount of $3,500,000.

19.     Notably, Plaintiff also has filed a nearly identical action against the Defendants in the Superior Court for the District of Columbia, which action bears Case No. 05-0005859.

## II.     ARGUMENT

### A.     Count III Of The Amended Complaint Fails To State A Proper Cause Of Action For Quantum Meruit As A Matter Of Law.

Plaintiff, by Count III of the Amended Complaint, seeks to state a claim against the Joint Venture, Fidelity, and Zurich for quantum meruit. Plaintiff, however, has pled the existence of a valid written Subcontract and written Payment Bond covering the damages claimed, incorporated its allegations into its quantum meruit count, and attached a portion of the executed Subcontract and the Payment Bond. Because no cause of action for quantum meruit may lie under District of Columbia law where a contract exists covering the subject matter of the action, Count III of Amended Complaint fails to state a claim as a matter of law.

Quantum meruit is an equitable, quasi-contract cause of action designed to provide relief for a plaintiff when an enforceable contract does *not* exist but fairness dictates that the plaintiff receive compensation for services provided. As a quasi-contractual cause of action, no action for quantum meruit may properly lie where an express contract covers the subject matter upon which the plaintiff bases its claim:

> There is no need to resort to a quasi-contract claim based on quantum meruit if a true contract was in existence at the time the services were performed. The following passage provides a reasonable justification for this general rule:
>
> When parties enter into a contract[,] they assume certain risks with an expectation of return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their

> expectations. In desperation, they turn to quasi contract for recover. This the law will not allow.

*Dale Denton Real Estate, Inc. v. Fitzgerald,* 635 A.2d 925, 928 (D.C. 1993) (citations omitted) (*quoting Mass. Transit Admin. v. Granite Constr. Co.,* 57 Md.App. 766, 776, 471 A.2d 1121, 1126 (1984)); *see Schiff v. American Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C. 1997) (concluding that "there can be no claim for unjust enrichment when an express contract exists between the parties"); *Bloomgarden v. Coyer*, 479 F.2d 201, 210 (D.C. Cir. 1973) (noting that in order to claim a remedy for unjust enrichment, there must be no contract, either express or implied); *see also Jefferson Constr. Co. v. United States ex rel. Bacon*, 283 F.2d 265 (1st Cir. 1960) (noting that the "Miller Act does not substitute or furnish a cause of action on a quantum meruit in derogation of the provisions of an express contract.")

Here, Plaintiff has alleged the existence of a written Subcontract between Plaintiff and the Joint Venture and a written Payment Bond covering the damages claimed. (*See* Federal Amended Complaint at ¶ 11, Exs. A, B.) Plaintiff has incorporated its allegations of both a written Subcontract and a written Payment Bond directly into its quantum meruit count. (*See id.* at ¶ 53.) Plaintiff also has attached some of the Subcontract and all of the Payment Bond as Exhibits to its Amended Complaint. (*Id.* at Exs. A, B.) And notably, the Subcontract contains express provisions covering all of the allegations identified by Plaintiff in its Amended Complaint. (*See* Federal Amended Complaint at Ex. B.) Indeed, the Subcontract contains specific provisions covering, among other things, timing and amount of payment, extensions of time, damages for delay, extra work, owner changes, and disputes. (*Id.* at Ex. B; *supra* at I.C.)

Because no cause of action can lie for quantum meruit where an express written agreement covering the subject matter of the action exists (as Plaintiff itself has alleged here), Plaintiff has failed to state a claim for quantum meruit as a matter of law. The Court,

7

accordingly, should dismiss Count III of the Amended Complaint. *See Dale Denton,* 635 A.2d at 928-29 (affirming sua sponte dismissal of quantum meruit claim by Court); *cf. Douglas Northwest, Inc. v. Bill O'Brien & Sons Constr. Inc.,* 828 P.2d 565, 578 (Wash. Ct. App. 1992) (stating "A claim in quantum meruit is properly dismissed as a matter of law where the same claim is covered by specific remedial provisions under the contract").

## III. CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss Count III of the Amended Complaint for failure to state a claim.

Dated: September 30, 2005

Respectfully submitted,

HOLLAND & KNIGHT LLP

Of counsel:
J. Richard Margulies
Law Offices of J. Richard Margulies
One Church Street, Suite 303
Rockville, Maryland 20850
Telephone: (301) 738-2470
Fax: (301) 738-3705

/s/ Craig A. Holman
Craig A. Holman (D.C. Bar No. 447852)
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Fax: (202) 955-5564

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint for Failure to State a Claim and supporting documents to be served by electronic mail this 30th day of September 2005 on:

> John E. Coffey
> REEDSMITH
> 3110 Fairview Park Drive, Suite 1400
> Falls Church, Virginia  22042

> /s/ Craig A. Holman
> Craig A. Holman