IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. COMBUSTIONEER CORPORATION <br><br> Plaintiff, <br><br> THE DAVIS/HRGM JOINT VENTURE, et al. <br><br> Defendants. | Case No.: 1:05CV01474 PLF |

### ANSWER TO AMENDED COMPLAINT

Defendants the Davis/HRGM Joint Venture (the "Joint Venture"), James G. Davis Construction Corporation ("Davis"), HRGM Corporation ("HRGM"), Fidelity and Deposit Company of Maryland ("Fidelity"), and Zurich American Insurance Company ("Zurich") (collectively "Defendants"), by counsel and for their Answer to the Amended Complaint filed by the Plaintiff, the United States of America *ex rel.* Combustioneer Corporation ("Plaintiff" or "Combustioneer"),[1] state as follows:

### FIRST DEFENSE
(Failure to State a Claim)

The Amended Complaint fails to state a cause of action on which relief may be granted.

---

[1] Plaintiff has filed two documents styled "Amended Complaint" with the Court. Plaintiff, consistent with Fed. R. Civ. P. 15 filed its first "Amended Complaint" as a matter of right and without leave of the Court on or about August 19, 2005. Plaintiff then filed a second "Amended Complaint" on or about September 29, 2005 without seeking leave of the Court. Because the paragraph numbering has not changed between the two Amended Complaints and revisions have occurred in only a limited number of paragraphs this Answer to Amended Complaint responds fully to both Amended Complaints.

## SECOND DEFENSE
(Waiver and Estoppel / Payment and Release/Accord and Satisfaction)

1.  Plaintiff failed to timely notify (as required by the parties' subcontract and otherwise) the Joint Venture of the alleged additional costs it now claims, and to submit same, when the alleged additional work was performed and the costs thereof negotiated and resolved between the Plaintiff, the United States Army Corps of Engineers ("USACE"), and the Joint Venture.

2.  Plaintiff executed numerous monthly releases, whereby Plaintiff certified that it had been paid in full (through the date of each such release) for "all materials and supplies and Labor and services of every nature performed" by Plaintiff without exclusion for the claims now being asserted in the Complaint. Plaintiff, by each such release, further expressly waived "any and all claims of whatsoever kind or nature against the said General Contractor and the Owner, and the Project."

3.  Plaintiff negotiated and accepted change orders covering some or all of the damages claimed, which constitute payment, accord and satisfaction, or release as to the amounts claimed.

4.  The Joint Venture has paid Plaintiff for some or all of the effort purportedly covered by the damages claimed.

## THIRD DEFENSE
(Breach of Subcontract's Disputes Provisions)

Plaintiff has failed to follow the contractually required dispute resolution remedies under its Subcontract with the Joint Venture.

**FOURTH DEFENSE**
(Subcontract Damages Bars – Waivers)

The parties' subcontract contains damages restrictions barring, waiving, or releasing the damages sought by Plaintiff. Such provisions include, but are not limited to, damages restrictions contained in subcontract paragraphs 12, 13, 16, 17, and 19.

**FIFTH DEFENSE**

The Court lacks jurisdiction over Plaintiff's payment bond claim.

**SIXTH DEFENSE**

Plaintiff's payment bond claim is untimely.

**SEVENTH DEFENSE**

Some or all of the damages sought by Plaintiff are not available under the payment bond.

**EIGHTH DEFENSE**

Plaintiff's prior breach of the Subcontract bars its claims.

**NINTH DEFENSE**

Plaintiff has failed to satisfy one or more conditions precedent of the alleged Subcontract necessary to claim or receive payment.

**TENTH DEFENSE**

Plaintiff is estopped from asserting the claims set forth in the Complaint in whole or in part.

**ELEVENTH DEFENSE**

Defendants, by listing their defenses (here or elsewhere in this Answer), do not limit their ability to present any defense that they do not need to identify by Answer or otherwise. Defendants reserve their right to supplement these defenses as discovery uncovers other possible defenses.

## TWELFTH DEFENSE

Answering each of the numbered paragraphs of the Amended Complaint, Defendants state as follows:

## PARTIES

1. Defendants admit that Plaintiff is engaged in the business of commercial electrical contracting. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 1 of the Amended Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part. Defendants admit the authenticity of the payment bond, but answering further state that the document speaks for itself. Defendants deny all other allegations.

9. Admitted.

10. Denied.

## FACTUAL BACKGROUND

11. Admitted in part, denied in part. Defendants admit that the parties entered a subcontract related to the Project, but answering further state that the subcontract speaks for itself. Defendants deny all other allegations.

12.     Admitted in part, denied in part. Defendants admit that Plaintiff provided certain labor, equipment, and material under the subcontract and performed certain change order work. Defendants state that the Joint Venture compensated Plaintiff to the extent required under the subcontract for the work performed. Defendants further state that Plaintiff has provided the Joint Venture with numerous releases of claims covering the damages claimed. Defendants deny all other allegations.

13.     Admitted in part, denied in part. Defendants admit that the prime contract and the subject schedules contemplated a phased Project completion. Defendants further state that the Preliminary Construction Schedule dated June 13, 2002 was developed to satisfy the prime contract requirements for a <u>preliminary</u> schedule to serve temporarily until development of a Baseline Construction Schedule. The Baseline Construction Schedule dated September 5, 2002 was developed thereafter incorporating input from all major subcontractors, including Plaintiff. Defendants deny all other allegations.

14.     Admitted in part, denied in part. Defendants admit that some events beyond the control of Plaintiff may have delayed or otherwise impacted the progress of Plaintiff. Defendants state that Plaintiff participated in the discussions and the resolution of such impact issues and participated in three partnering sessions with the United States Army Corps of Engineers ("USACE") and the Joint Venture. During the course of performance, Plaintiff submitted its requests for time extension and increased costs, and said requests were negotiated, settled and resolved between Plaintiff, the USACE, and the Joint Venture. Defendants deny that any other cognizable delays to Plaintiff's work exist. Defendants further deny all other allegations.

*(Asbestos Abatement)*

15. Admitted in part, denied in part. Defendants admit that Plaintiff was not responsible for asbestos abatement. Defendants deny all other allegations.

16. Admitted in part, denied in part. The sequences of Plaintiff's work activities and the duration of those activities were not negatively affected by the changes in the asbestos abatement work. However, other impacts concurrently affected Plaintiff's performance and the costs contemporaneously submitted by Plaintiff were negotiated, settled and resolved between Plaintiff, the USACE, and the Joint Venture. Defendants deny all other allegations.

*(Electrical Closets)*

17. Admitted in part, denied in part. Defendants admit the existence of the electrical closets, that block walls had to be constructed and prime painted before installation of the backboxes, and that construction of the walls and prime painting was not the responsibility of Plaintiff. Defendants deny all other allegations.

18. Denied. Defendants further state that the Baseline Schedule (the Contract Schedule) indicated walls being constructed in the November/December, 2002 timeframe. The substantial majority of these walls were constructed in that timeframe. Installation of panel backboxes started on December 19, 2002. Installation of riser work started on November 4, 2002.

19. Admitted in part, denied in part. Defendants admit that the USACE changed the design of the electrical distribution system in October, 2002. Defendants state that Plaintiff submitted its increased costs resulting from that change on or about November 4, 2002, and those costs were negotiated, settled and resolved between Plaintiff, the USACE and the Joint Venture. Defendants deny all other allegations.

20.  Denied.

*(Permanent Power)*

21.  Admitted in part, denied in part.  Defendants admit that Plaintiff was not responsible for the design of permanent power or the transformer vault.  Defendants deny all other allegations.

22.  Admitted in part, denied in part.  The USACE issued several transformer vault design revisions culminating with Change Bulletin #19, approval by PEPCO in early spring 2003, and change bulletin #34 in early summer 2003.  Plaintiff submitted its increased costs and time requests.  The time and costs submitted by Plaintiff were negotiated, settled and resolved between Plaintiff, the USACE and the Joint Venture.  Defendants deny all other allegations.

23.  Denied.  Defendants further state that Plaintiff did not construct the duct banks in conformance with the contract documents and the corrections required thereto delayed the duct bank and associated installations.

24.  Defendants state they are without sufficient knowledge or information to form a belief as to the truth of the allegations made.  Defendants state that all time and costs submitted by Plaintiff during the course of performance associated with the transformer vault were negotiated, settled, and resolved between Plaintiff, the USACE and the Joint Venture.

*(Additional Disruptions and Delays)*

25.  Denied.  Defendants state that the subject school building was constructed in 1927. Use of scissor lifts on suspended slabs in such old structures cannot be assumed.  When the Joint Venture was advised that Plaintiff desired to use scissor lifts, the Joint Venture, at its cost and expense, had the structure evaluated for such use and permitted the use subject to restrictions necessary to preserve the integrity of the existing building structure.

26. Admitted in part, denied in part. Defendants admit that the Joint Venture was responsible for replacing shingles overlying the concrete roof structure. Defendants deny all other allegations.

27. Denied. Defendants further state that the loading dock was not part of the base prime contract requirements. The loading dock was an "add option." This "add option" was neither invoked nor released by the USACE at the time of prime contract award.

28. Denied. Defendants further state that the Joint Venture developed a joint plan with all major subcontractors including Plaintiff for the use of a "Lull." All major subcontractors including Plaintiff agreed to pay for use of the equipment.

29. Admitted in part, denied in part. Defendants admit that USACE issued some defective plans, issued some change directives, and redesigned elements of the Project. Defendants further state that Plaintiff submitted increased costs and time extensions during the course of performance related to such issues and that such issues were negotiated, settled, and resolved between Plaintiff, the USACE and the Joint Venture. Defendants deny all other allegations.

30. Denied.

*(Acceleration)*

31. Denied. Defendants state that the Subcontract contains the best evidence of the parties' obligations with respect to excusable delays. Defendants further state that all properly submitted time extension requests were fairly considered, negotiated, settled and resolved; and that as a result of numerous change order adjustments, Plaintiff's time of performance was extended through the summer of 2004.

32. Denied.

33. Denied.

*(Additional Work)*

34. Admitted in part, denied in part. Defendants admit that Plaintiff did perform certain change order work on the Project. Defendants state that all increased costs and requests for time submitted by Plaintiff during the course of performance for extra or additional work ordered by the Joint Venture were negotiated, settled and resolved between the USACE, Plaintiff and the Joint Venture. Defendants deny all other allegations.

*(Payment)*

35. Admitted in part, denied in part. Defendants admit that on or about July 5, 2005, Plaintiff submitted a certified claim to the Joint Venture. Defendants deny that the Plaintiff's claim complied with the Subcontract. Defendants deny all other allegations.

36. Admitted in part, denied in part. Defendants state that on or about July 5, 2005, approximately eleven months after the District of Columbia issued a Certificate of Occupancy for the Project, Plaintiff submitted a "certified" claim for approximately $3,500,000 to the Joint Venture. Defendants deny the validity or propriety of the certified claim. Defendants deny all other allegations.

37. Denied.

38. Admitted in part, denied in part. Defendants admit that at least ninety days have elapsed since the date Plaintiff last provided labor and material to the project (exclusive of punch list and/or warranty work). Defendants deny all other allegations.

39. Denied.

40. Denied.

## COUNT ONE
(Breach of Subcontract)

41. Defendants re-allege and incorporate, by reference, all of the allegations contained in Paragraphs 1 through 40, above, as though the same were fully set forth herein.

42. Admitted in part, denied in part. Defendants admit that Plaintiff has performed certain work required by its subcontract. Defendants deny that Plaintiff has complied with all of its obligations under the subcontract. Defendants deny all other allegations.

43. Denied.

44. Denied.

45. Denied.

## COUNT TWO
(Claim Under Payment Bond)

46. Defendants re-allege and incorporate, by reference, all of the allegations contained in Paragraphs 1 through 45, above, as though the same were fully set forth herein.

47. Admitted in part, denied in part. Defendants admit that the Joint Venture is the principal and the Sureties are the sureties on the referenced payment bond. The written bond instrument speaks for itself. Defendants deny all other allegations.

48. Denied. Answering further, Defendants state that Plaintiff has been paid all amounts due it under the terms of its subcontract with the Joint Venture.

49. Denied.

50. Denied. Answering further, Defendants state that the written instrument speaks for itself.

51. Denied.

52. WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's request for relief.

### COUNT THREE
(Quantum Meruit/Valebat)

53. Defendants re-allege and incorporate, by reference, all of the allegations made in Paragraphs 1 through 40, above, as though the same were fully set forth herein.

54. Denied. Defendants state that the subject rights and obligations of the Plaintiff and the Joint Venture are governed by the written subcontract identified by Plaintiff in its Complaint at Paragraph 11, that the subcontract has been substantially completed, and that Plaintiff has been paid in accordance with the terms of that subcontract.

55. Denied. Answering further, Defendants incorporate by reference the statements made in Paragraph 54, above, as though the same were fully set forth herein.

56. Denied.

Defendants further deny all allegations of Plaintiff's Amended Complaint not specifically responded to herein.

WHEREFORE, Defendants respectfully request that the Court dismiss or deny Plaintiff's Amended Complaint and associated request for relief.

Dated: September 30, 2005                    Respectfully submitted,

                                             HOLLAND & KNIGHT LLP

Of counsel:                                  /s/ Craig A. Holman
J. Richard Margulies                         Craig A. Holman (D.C. Bar No. 447852)
Law Offices of J. Richard Margulies          2099 Pennsylvania Ave., N.W., Suite 100
One Church Street, Suite 303                 Washington, D.C. 20006
Rockville, Maryland 20850                    Telephone: (202) 955-3000
Telephone: (301) 738-2470                    Fax: (202) 955-5564
Fax: (301) 738-3705

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing Answer to be served by electronic mail this 30th day of September, 2005 upon:

>John E. Coffey
>REEDSMITH
>3110 Fairview Park Drive, Suite 1400
>Falls Church, Virginia  22042

>/s/ Craig A. Holman
>Craig A. Holman

# 3262962_v2