ReedSmith

Reed Smith LLP
3110 Fairview Park Drive
Suite 1400
Falls Church, VA 22042-4503
703.641.4200
Fax 703.641.4340

**Joseph S. Luchini**
Direct Phone: 703.641.4274
Email: jluchini@reedsmith.com

October 6, 2005

VIA HAND DELIVERY

American Arbitration Association
1776 Eye Street, NW
Suite 850
Washington, D.C. 20006

Re: Arbitration Demand of Combustioneer Corporation, Claimant, v. The Davis/HRGM Joint Venture, James G. Davis Construction Corp., and HRGM Corporation, Respondents

Gentlemen:

I have enclosed two copies of Combustioneer Corporation's Demand for Arbitration, incorporating an Amended Complaint attached thereto as its allegations in this Demand. The arbitration clause is contained in ¶ 19 of the Subcontract attached as Exhibit B to the Amended Complaint. By copy of this letter, the original Demand is being sent to Respondents' representative, Craig A. Holman, Esq.

Combustioneer Corporation's check for $8,000 as the initial filing fee is also enclosed.

Should you have any questions, please contact me.

Sincerely,

Joseph S. Luchini

JSL/jm
cc: Craig A. Holman, Esq.

October 6, 2005
Page 2

ReedSmith

bcc: Mr. Mark W. Pritchard
Mr. Michael McDonald, President
Combustioneer Corporation
S. Miles Dumville, Esq. ✓
Michael L. Zupan, Esq.

**COMBUSTIONEER CORP**

**CHECK NO. 73284**

| DATE | INVOICE | DESCRIPTION | JOB | AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|---|---|
| 09/29/05 | 800000 | FILING FEE FOR REED SMITH | | 8000.00 | 0.00 | 8000.00 |

| Check Date | Control Number | | AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|---|
| 09/30/05 | 73284 | TOTALS FOR AME500 | 8000.00 | 0.00 | 8000.00 |

ORIGINAL CHECK HAS A COLORED BACKGROUND PRINTED ON CHEMICAL REACTIVE PAPER - SEE BACK FOR DETAILS

EMCOR Services
Combustioneer Corp.

Quality Service Since 1929
643 LOFSTRAND LANE • ROCKVILLE, MARYLAND 20850

HARRIS TRUST & SAVINGS BANK
ROSELLE, ILLINOIS

70-1558
719

CHECK NO.
73284

PAY Eight Thousand Dollars and 00 cents

| DATE | CONTROL NO. | AMOUNT |
|---|---|---|
| 09/30/05 | 73284 | $**8,000.00 |

TO THE ORDER OF AMERICAN ARBITRATION ASSOCIATION

AUTHORIZED SIGNATURE

⑈073284⑈ ⑆071915580⑆ 04⑈230⑈000⑈ 2⑈

# AMERICAN ARBITRATION ASSOCIATION
# CONSTRUCTION INDUSTRY ARBITRATION RULES
## DEMAND FOR ARBITRATION

***MEDIATION*** *If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.* ☐

| TO: Name of Respondent | | | Name of Representative (if known) | | |
|---|---|---|---|---|---|
| The Davis/HRGM Joint Venture* | | | Craig A. Holman, Esq. | | |
| Address: 12530 Parklawn Drive | | | Representative's Address: 2099 Pennsylvania Ave., N.W., Suite 100 | | |
| City: Rockville | State: Maryland | Zip Code: 20852 | City: Washington | State: DC | Zip Code: 20006 |
| Phone No. | Fax No. | | Phone No. 202-955-3000 | Fax No. 202-955-5564 | |

THE NAMED CLAIMANT, A PARTY TO A WRITTEN AGREEMENT PROVIDING FOR ARBITRATION UNDER THE CONSTRUCTION INDUSTRY ARBITRATON RULES, HEREBY DEMANDS ARBITRATION THEREUNDER (ATTACH THE ARBITRATION CLAUSE)

ARBITRATION CLAUSE CONTAINED IN THE FOLLOWING CONTRACT DOCUMENT: (Please check one)

☐ **AIA**-American Institute of Architects ☐ **AGC**-Associated General Contractors of America ☐ **DBIA**-Design Build Institute of America
☐ **EJCDC**-Engineers Joint Contract Documents Committee ☐ **ASA**-American Subcontractors Association
☐ **CMAA**-Construction Management Association of America ☑ Other (specify Subcontract Agreement )

THE NATURE OF THE DISPUTE (Please give enough details to enable the AAA to select arbitrators with appropriate experience)

Claims arising out of the construction of McKinley High School, Washington, D.C. Claimant incorporates Counts 1 and 3 of the attached Amended Complaint as its allegations in this Demand. Respondents have requested a stay of any litigation and to arbitrate these disputes.

| DOLLAR AMOUNT OF CLAIM | OTHER RELIEF SOUGHT |
|---|---|
| $ 3,500,000 | Interest |

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR (S) TO BE APPOINTED TO HEAR THE DISPUTE Arbitrator(s) experienced in the construction process.

CLAIMANT IS
☐ Owner ☐ Design professional (specify ______ ) ☐ Contractor
☑ Subcontractor (specify Electrical ) ☐ Other (specify ______ )

RESPONDENT IS
☐ Owner ☐ Design professional (specify ______ ) ☑ Contractor
☐ Subcontractor (specify ______ ) ☐ Other (specify ______ )

Estimated time needed for hearings overall ______ hours ______ days

Copies of this demand are being filed with the American Arbitration Association at its ______ office. Claimant requests that the AAA commence the administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

CLAIMANT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE
Offices of Claimant's counsel in Falls Church, Virginia.

| Signature (may be signed by a representative) | Title | Date |
|---|---|---|
| [signature] | Attorney for Claimant | October 5, 2005 |

| Name of Claimant | | | Name of Representative | | Name of Firm (if Applicable) |
|---|---|---|---|---|---|
| Combustioneer Corporation | | | Joseph S. Luchini, Esq. | | Reed Smith LLP |
| Address (to be used in connection with this case): 643 Lofstrand Lane | | | Representative's Address: 3110 Fairview Park Drive, Suite 1400 | | |
| City: Rockville | State: MD | Zip Code: 20850 | City: Falls Church | State: VA | Zip Code: 22042 |
| Phone No. | Fax No. | | Phone No. 703.641.4274 | Fax No. 703.641.4340 | |

TO INSTITUTE PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

Form C12-04/04

* James G. Davis Construction Corp.
12530 Parklawn Drive
Rockville, MD 20852

HRGM Corporation
2021 Shannon Place, S.E.
Washington, D.C. 20020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE UNITED STATES OF AMERICA**
**ex. rel. COMBUSTIONEER CORPORATION**
**643 Loftstrand Lane**
**Rockville, MD 20850,**

**Plaintiff,**

**v.**

**Case No.: 1:05CV01474**

**THE DAVIS/HRGM JOINT VENTURE**
**12530 Parklawn Drive**
**Rockville Maryland 20852**
**Serve: Registered Agent**
**for James G. Davis Construction Corp.**
**C T Corporation System**
**1015 15th Street, N.W.**
**Suite 1000**
**Washington, D.C. 20005,**

**and**

**JAMES G. DAVIS CONSTRUCTION CORP.**
**12530 Parklawn Drive**
**Rockville Maryland 20852**
**Serve: Registered Agent**
**C T Corporation System**
**1015 15th Street, N.W.**
**Suite 1000**
**Washington, D.C. 20005,**

**and**

**HRGM CORPORATION**
**2021 Shannon Place, S.E.,**
**Washington D.C., 20020**
**Serve: Registered Agent**
**Rachna Bhutani**
**2021 Shannon Place, S.E.**
**Washington, D.C. 20020,**

**and**

**Fidelity and Deposit Company of Maryland** )
**8840 Stanford Boulevard** )
**Suite 4000** )
**Columbia, Maryland 21045,** )
**Serve: Registered Agent** )
**Mark Schaefer** )
**1614 20th Street, N.W.** )
**Washington, D.C. 20009,** )
)
**and** )
)
**Zurich American Insurance Company** )
**One Liberty Plaza (30th Floor)** )
**New York, New York 10006,** )
**Serve: Registered Agent** )
**Mark Schaefer** )
**1614 20th Street, N.W.** )
**Washington, D.C. 20009,** )
)
**Defendants.** )
)

**AMENDED COMPLAINT**

COMES NOW the United States of America, ex. rel. Combustioneer Corporation ("Combustioneer") and states its Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Combustioneer Corporation ('Combustioneer") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland. Combustioneer is engaged in the business of commercial electrical contracting.

2. On information and belief, Defendant the Davis/HRGM Joint Venture (the "Joint Venture") is a joint venture organized under the laws of Maryland, comprised of Defendant James G. Davis Construction Corp. and Defendant HRGM Corporation.

3. Defendant James G. Davis Construction Corp. ("Davis") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in the State of Maryland.

4. Defendant HRGM Corporation ("HRGM") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in the District of Columbia.

5. On information and belief, the Joint Venture was formed to bid on Contract No. DACW31-02-C-0021 (the "Contract") to furnish materials and perform the labor for the construction of the McKinley Technical High School in Washington, D.C. (the "Project"). The Joint Venture was awarded the contract and served as the Prime Contractor for Contract No. DACW31-02-C-0021.

6. On information and belief, Defendant Fidelity and Deposit Company of Maryland ("F&D") is a corporation organized and existing under the laws of the State of Maryland and is duly authorized to engage in the business of executing surety bonds in the District of Columbia.

7. On information and belief, Defendant Zurich American Insurance Company ("Zurich") is a corporation organized and existing under the laws of the state of New York, and is duly authorized to engage in the business of executing surety bonds in the District of Columbia.

8. F&D and Zurich (collectively "Sureties"), along with the Joint Venture as principal, executed a payment bond for the protection of all persons supplying labor and materials in prosecution of the work provided for in the Contract. This Payment Bond, Bond No. 08622770, is attached as Exhibit A.

9.   On information and belief, the United States Army Corps of Engineers (the "COE") served as the project administrator for Contract No. DACW31-02-C-0021.

10.   Jurisdiction and venue are proper in this court pursuant to the Miller Act, 40 U.S.C. § 3133 et seq.. This Court has supplemental jurisdiction over Counts One and Three pursuant to 28 U.S.C. § 1367 as these claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

## FACTUAL BACKGROUND

11.   On or about July 1, 2002, Combustioneer entered into a subcontract agreement (the "Subcontract") with the Joint Venture, whereby Combustioneer agreed to perform electrical work per plans, specifications and addenda for the Project for payment of $5,854,125. A copy of the Subcontract is attached as Exhibit B.

12.   Combustioneer thereafter commenced performance of the Subcontract work. Combustioneer furnished labor, equipment, and materials as prescribed therein, and performed additional and extra labor and work, including requested change orders.

13.   The Joint Venture provided Combustioneer with a baseline construction schedule titled "Preliminary Construction Schedule 13 June 02" (referred to herein as "Contract Schedule"). The Contract Schedule called for phased Project completion.

14.   Throughout the Project, events beyond the control of Combustioneer delayed or otherwise impacted the progress of Combustioneer's work.

### *(Asbestos Abatement)*

15.   The Contract Schedule stated that all asbestos abatement was to be completed by mid-September 2002. The Contract Schedule dictated that on each floor, all demolition and asbestos abatement activities were to be completed prior to any subsequent work.

Combustioneer was not responsible for asbestos abatement. Combustioneer could not proceed with its work on an individual floor until all demolition and asbestos abatement activities were completed. During the course of the Project, the asbestos abatement work to be performed by others who contracted directly or indirectly with the Joint Venture was not completed timely, as per the Project Schedule, resulting in significant delays to the Project.

16. Combustioneer's work was delayed and negatively impacted by the delayed asbestos abatement work. In addition, the Joint Venture expressly suspended portions of Combustioneer's work due to issues related to asbestos abatement. These suspensions also delayed and negatively impacted Combustioneer's work.

*(Electrical Closets)*

17. Each floor of the Project had three electrical closets. Based on the construction sequence for the electrical closets, the block walls had to be constructed and painted before Combustioneer could install the electrical risers and backboxes. The Joint Venture was responsible for constructing and painting the block walls of the electrical closets.

18. The Contract Schedule required the Joint Venture to complete the construction of the electrical closet block walls by the Fall of 2002. The block walls for the electrical closets were not completed until February 2003. Combustioneer's completion of the electrical risers and backboxes was delayed due to the delayed completion of the electrical closet block walls, and Combustioneer could not commence installation of the electrical risers and backboxes until February 2003.

19. In addition, the Joint Venture failed to timely provide information necessary for Combustioneer to plan, prepare and progress its work. Furthermore, in December 2002, the COE also changed the design of the electrical distribution circuitry. This design change caused a

modification to the layout of the electrical closets and distribution circuitry, and further disrupted and delayed Combustioneer's work.

20. During the delays to the electrical closets, other trades were installing ceiling grids and other architectural work elsewhere on the Project. Due to these delays to the electrical closets, when Combustioneer could finally install wiring in the classrooms it was forced to pull its wiring through completed ceiling grids. The pulling of wiring through completed ceiling grids was performed out-of-sequence as per the Contract Schedule. This out-of-sequence work further delayed and caused loss of productivity to Combustioneer's work.

*(Permanent Power)*

21. Combustioneer was not responsible for the design of the permanent power, including the transformer vault. Final design of the permanent power, including the transformer vault, was to be completed by September 2002.

22. In November 2002 a design of the transformer vault was issued. The design contained structural deficiencies and was defective. Thereafter, the design of the transformer vault was modified and corrected in Change Order 19. The revised design of the transformer vault was not approved by PEPCO until mid-March 2003.

23. Additional issues relating to the structural design of the transformer vault caused more delays to Combustioneer's completion of the permanent power work, for which delays Combustioneer is not responsible.

24. These disruptions caused further delay and loss of productivity to Combustioneer's work and required Combustioneer to incur expenses for storage of equipment during the delay.

*(Additional Disruptions and Delays)*

25. In addition, Combustioneer intended to use scissor lifts in the performance of its work. The Joint Venture failed to timely approve the use of scissor lifts and otherwise took actions that improperly restricted the use of scissor lifts by Combustioneer. Combustioneer's work was impacted and delayed by the Joint Venture's delayed approval and restrictions on the use of scissor lifts to install Combustioneer's work.

26. The Joint Venture was responsible for completing the roofing and enclosing the building. The Joint Venture failed to do so in a timely manner. Combustioneer's work was impacted and delayed by delays to the roofing and building enclosure.

27. The Joint Venture was responsible for completing the loading dock. The Joint Venture failed to do so in a timely manner. Combustioneer's work was impacted and delayed by the Joint Venture's failure to timely provide access to the loading dock.

28. The Joint Venture promised Combustioneer that vertical transport would be available to move Combustioneer's material and equipment to upper levels of the construction. The Joint Venture failed to do so. Combustioneer's work was impacted and delayed by the Joint Venture's failure to provide promised vertical transportation on the site.

29. Combustioneer was also impacted and delayed by faulty and defective plans that resulted in numerous Requests for Information ("RFIs"), Construction Bulletins and Change Directives and the redesign of significant portions of Combustioneer's work.

30. These delays and negative impacts, for which Combustioneer was not responsible, caused increased costs and expenses to be incurred by Combustioneer.

*(Acceleration)*

31. The Joint Venture was obligated to take appropriate timely action to obtain and grant to Combustioneer extensions to the contract completion date for the excusable delays identified herein, so as not to interfere with the orderly and efficient progressing of Combustioneer's work. Contrary to that obligation, the Joint Venture informed Combustioneer that it would not receive any time extensions to the schedule regardless of excusable delays and that the original completion date must be met.

32. As a result, Combustioneer accelerated its work, and attempted to mitigate the delays (although not its fault), through the use of overtime work, increased tradesmen and crew sizes, and the modification of work sequences.

33. These efforts mitigated, in part, the effect of these delay events on the Project schedule. These mitigation efforts also resulted in a negative financial impact to Combustioneer. The delays, not Combustioneer's fault, also resulted in a negative financial impact to Combustioneer. These impacts included, but were not limited to loss of labor productivity, overtime expense, extended home office overhead, labor rate escalation, extended site conditions, as well as negative impacts on overhead and profit.

*(Additional Work)*

34. In addition, the Joint Venture directed that Combustioneer perform work that was not included in the original scope of the Subcontract. Combustioneer performed this work and is entitled to additional compensation therefore.

*(Payment)*

35. Combustioneer has made repeated demands to the Joint Venture to be compensated for the above. On or about July 5, 2005, in full compliance with the terms of the Subcontract, including the Subcontract's disputes provisions, Combustioneer submitted to the Joint Venture Combustioneer's certified claim for the additional compensation to which Combustioneer is entitled. To date, the Joint Venture has failed and refused to take any action on Combustioneer's proper claim.

36. Notwithstanding Combustioneer's performance of work pursuant to the terms and conditions of the Subcontract, the Joint Venture has failed and refused to pay all of the amounts due, leaving a total due and owing of at least $3,500,000.00, plus interest on all amounts owed.

37. Combustioneer last performed work for the Project and delivered its last labor and material to the site within one year of the filing of this Complaint. This labor and/or material was used by the Joint Venture in fulfillment of its obligations under the Prime Contract.

38. At least ninety (90) days have expired from the date Combustioneer last provided materials and labor to the Project and all other conditions precedent to the making of this claim have been met, waived, or otherwise excused.

39. Notwithstanding Combustioneer's demands for payment, such payments have not been made by the Joint Venture and there is justly due and owing to Combustioneer the sum of at least $3,500,000.00, the same being the reasonable value of the labor performed and materials furnished by Combustioneer to the Joint Venture, and the extended home overhead, loss of labor productivity and other time related costs incurred by Combustioneer.

40. The Joint Venture breached its contract with Combustioneer in that it failed and refused to pay Combustioneer the monies due for labor performed and materials furnished in

compliance with the Subcontract, and the extended home overhead, loss of labor productivity and other time related costs incurred by Combustioneer as set forth above.

**COUNT ONE**
(Breach of Subcontract)

41. Combustioneer incorporates herein by reference the allegations contained in Paragraphs 1 through 40 of this Complaint.

42. As set forth above, Combustioneer performed its obligations under the Subcontract and completed the work required therein.

43. Defendant Joint Venture breached the Subcontract agreement with Combustioneer as aforesaid and by failing and refusing to pay Combustioneer the sums justly due and owing thereon.

44. Combustioneer has requested and demanded payment for sums due and owing under the Subcontract from the Joint Venture. The Joint Venture has failed and refused to satisfy these requests and demands for payment, or to otherwise take appropriate action on Combustioneer's claim.

45. As a result of Defendant Joint Venture's breach of the Subcontract, The Joint Venture is liable to Combustioneer for damages of at least $3,500,000.00, plus interest from the time it was due and payable. This liquidated amount represents monies due for labor performed and materials furnished by Combustioneer in compliance with the Subcontract, and the extended home overhead, loss of labor productivity and other time related costs incurred by Combustioneer, plus interest at the highest rate allowed by law, costs, and such other amounts and relief as the Court deems proper.

**COUNT TWO**
(Claim Under Payment Bond)

46. Combustioneer incorporates herein by reference the allegations contained in Paragraphs 1 through 45 of this Complaint.

47. The Joint Venture is the principal and the Sureties are the sureties on the payment bond provided for the Project. The payment bond was provided pursuant to the federal Miller Act, 40 U.S.C. § 3133 et seq.

48. Pursuant to its Subcontract with the Joint Venture, Combustioneer supplied materials and labor to the Project and has satisfactorily completed all of the work for which its claim is made under the bond and is a proper claimant under the payment bond.

49. Despite Combustioneer's repeated demands for payment, Defendant the Joint Venture has failed and refused to make payments to Combustioneer.

50. Under the terms of the bond, the Sureties agreed to pay sums due to persons supplying labor and materials in the prosecution of the work for the Project.

51. The Joint Venture, as principal, and the Sureties are jointly and severally indebted to Combustioneer for all sums due to Combustioneer, including interest and any other amounts allowed by law.

52. WHEREFORE, the United States of America for the use of Combustioneer respectfully demands judgment in its favor against the Joint Venture and the Sureties, jointly and severally, in the amount of at least $ 3,500,000.00, plus interest at the highest rate allowed by law, costs, and such other amounts and relief as the Court deems proper.

**COUNT THREE**
(Quantum Meruit/Valebant)

53. Combustioneer incorporates herein by reference the allegations contained in Paragraphs 1 through 40 of this Complaint.

54. Combustioneer provided labor and material to the Joint Venture for the Project at the Joint Venture's request, said labor and material have benefited the Joint Venture in such a way that the Joint Venture will be unjustly enriched if Combustioneer is not compensated the fair and reasonable value of said labor and material in an amount to be shown at the time of trial.

55. The Joint Venture has failed and refused to pay for the work provided and under a "quantum meruit" and/or "quantum valebant" basis, Combustioneer is entitled to be paid for the labor and material provided and used by the Joint Venture.

56. Accordingly, on the basis of the above facts, Defendants are responsible for the unpaid debt owed to Combustioneer under the Subcontract and the Miller Act Payment Bond.

WHEREFORE, the United States of America on behalf of the use of Combustioneer respectfully demands judgment in its favor against the Joint Venture and the Sureties, jointly and severally, in the amount of at least $ 3,500,000.00, plus interest at the highest rate allowed by law, costs, and such other amounts and relief as the Court deems proper.

DATED: September 28, 2005

Respectfully submitted,

/s/

John E. Coffey (Bar No. 434120)
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
(703) 641-4200 (office)
(703) 641-4340 (facsimile)

Counsel for Combustioneer Corporation

Of Counsel:

S. Miles Dumville
REED SMITH LLP
Riverfront Plaza - West Tower
901 E. Byrd Street, Suite 1700

Richmond, Virginia 23219-4069
(804) 344-3400 (office)
(804) 344-3410 (facsimile)

Michael L. Zupan
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
(703) 641-4200 (office)
(703) 641-4340 (facsimile)

370975

**PAYMENT BOND**
*(See instructions on reverse)*

Bond No. 08822770

DATE BOND EXECUTED *(Must be same or later than date of contract)*: May 31, 2002

OMB No.: 9000-0045

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington DC 20405

PRINCIPAL *(Legal name and business address)*

DAVIS/HRGM Joint Venture
12530 Parklawn Drive
Rockville, MD 20852

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☒ JOINT VENTURE ☐ CORPORATION

STATE OF INCORPORATION: DAVIS/HRGM is an unincorporated MD joint

SURETY(IES) *(Name(s) and business address(es))*

Fidelity and Deposit Company of Maryland
8840 Stanford Boulevard, Suite 4000
Columbia, MD 21045

and Zurich American Insurance Company, One Liberty Plaza (30th Floor), New York, NY 10006

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 38 | 243 | 121 | 00 |

CONTRACT DATE: 5/22/2002

CONTRACT NO.: DACW31-02-C-0021

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL: DAVIS/HRGM Joint Venture

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | By: [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Dennis J. Cotter Principal in Charge of DAVIS/HRGM & Vice President, James G. Davis Construction Corp. | 2. Ramesh Butani President of HRGM Corp. | 3. | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

CORPORATE SURETY(IES)

SURETY A: Fidelity and Deposit Company of Maryland

| | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | 8840 Stanford Boulevard, Suite 4000 Columbia, MD 21045 | STATE OF INC.: MD | LIABILITY LIMIT: $ 13,600,000 | |
| SIGNATURE(S) | 1. By: [signature] | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Laura L. Brown Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

*DAVIS/HRGM is a Maryland Joint Venture between James G. Davis Construction Corp. (incorporated in Virginia) and HRGM Corporation (incorporated in Virginia)

07/11/2005 MON 16:07 [TX/RX NO 5021] 004

| Surety | | | State of Inc. / 2. | Liability Limit | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | Zurich American Insurance Company, One Liberty Plaza (30th Floor), New York, NY 10006 | STATE OF INC. NY | LIABILITY LIMIT $25,243,121.00 | Corporate Seal |
| | SIGNATURE(S) | 1. [signature] | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Laura L. Brown, Attorney-in-fact | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the lett[er] identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit [of] Individual Surety (Standard Form 28) for each individual surety, sh[all] accompany the bond. The Government may require the surety [to] furnish additional substantiating information concerning their financ[ial] capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal" and shall affix an adhesive seal if executed in Maine, New Hampshir[e], or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in th[e] space provided.

07/11/2005 MON 16:07 [TX/RX NO 5021] 005

**Power of Attorney**

# FIDELITY AND DEPOSIT COMPANY OF MARYLAND

**HOME OFFICE: P.O. BOX 1227, BALTIMORE, MD 21203-1227**

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by W. B. WALBRECHER, Vice-President, and T. E. SMITH, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint Phyllis J. Willey, Eugene P. Dessureau, Stephen W. Freeman, Michael M. Tracy, Edward T. Egan, Robert E. Walsh, Laura L. Brown and Robin [illegible] Russell, all of Chevy Chase, Maryland, EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Edward F. Egan, Phyllis J. Willey, Julia B. Taylor, Eugene P. Dessureau, Stephen W. Freeman, Michael M. Tracy, Edward T. Egan, Robert E. Walsh, and April O. Compton, dated January 20, 1998.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 19th day of October, A.D. 1999.

LOOK FOR VOID PANTOGRAPH FOR AUTHENTICATION

ATTEST: **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

SEAL

*T. E. Smith* *Assistant Secretary*

By: *W. B. Walbrecher* *Vice-President*

State of Maryland
County of Baltimore } ss:

On this 19th day of October, A.D. 1999, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came W. B. Walbrecher, Vice-President and T. E. Smith, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Carol J. Fader* *Notary Public*
My Commission Expires: August 1, 2000

L1428-025-0005